IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DEMETRIUS JONES, JR.,

    **Petitioner,**

v.                               CIVIL ACTION NO. 1:05CV53
                                  (Judge Keeley)

KEVIN WENDT, Warden,

    **Respondent.**

## ORDER AFFIRMING THE MAGISTRATE'S REPORT AND RECOMMENDATION, DENYING AND DISMISSING WITH PREJUDICE PETITIONER'S 28 U.S.C. § 2254 PETITION, AND DENYING PETITIONER'S MOTION FOR ENTRY OF DEFAULT OR SUMMARY JUDGMENT

On March 21, 2005, *pro se* petitioner Demetrius Jones, Jr. ("Jones") filed a five (5) count petition pursuant to 28 U.S.C. § 2254 in the Northern District of West Virginia. On May 10, 2005, United States Magistrate Judge John S. Kaull ordered the respondent, Kevin Wendt ("Wendt"), Warden of the Federal Correction Institute at Gilmer, to answer the petition. Prior to Wendt's response, Jones filed a motion for entry of default, or in the alternative, for summary judgment on July 28, 2005. Wendt, however, had been granted enlargements of time to file his answer, and timely responded to Jones' petition on August 5, 2005. Jones then filed a "traverse" to Wendt's response on August 22, 2005. On December 20, 2005, Magistrate Judge Kaull issued a Report and Recommendation ("R&R") recommending that Jones's petition be denied and dismissed with prejudice and his

motion for entry of default be likewise denied. Jones subsequently filed objections to the R&R on January 5, 2006. For the reasons that follow, the Court **AFFIRMS** the Magistrate's R&R, **DENIES** Jones' 28 U.S.C. § 2254 petition and **DISMISSES** it **WITH PREJUDICE**, and **DENIES** Jones' motion for entry of default, or in the alternative, summary judgment.

## I. Background

The facts relevant to the procedural history of this case were obtained from Jones' § 2254 petition. In the fall of 1995, Jones was convicted in the District of Columbia ("D.C.") Superior Court for assault, aggravated assault while armed, and mayhem while armed. Jones received concurrent sentences of twelve (12) to thirty-six (36) years for the aggravated assault and mayhem charges, and a 180 day sentence for the assault charge. Subsequently, on August 7, 2000, he filed a motion in D.C. Superior Court to correct his sentence pursuant to D.C. Superior Court Rule 35(a). That motion was denied, and no appeal was taken.

Jones then moved the trial court to correct, set aside, or vacate his sentence pursuant to D.C. Code § 23-110. Following the government's response, the trial court denied Jones' motion without a hearing. On May 17, 2004, the D.C. Circuit Court of

Appeals affirmed Jones' conviction but remanded the case to the trial court for the sole purpose of vacating Jones's assault conviction and either the aggravated assault or mayhem conviction after finding that Jones' three convictions should have been merged.

## II. Analysis

### a. Report and Recommendation and Objections:

In his R&R, Magistrate Judge Kaull summarized the grounds for Jones' § 2254 petition as follows:

(1) The merits of the factual dispute were not resolved by the District of Columbia Court of Appeals or the trial court;
(2) The fact finding procedure employed by the District of Columbia Superior Court trial judge on collateral 23-110 review was not adequate to afford a full and fair hearing;
(3) Petitioner was not allowed to adequately develop the material facts when he was denied an evidentiary hearing;
(4) Petitioner was denied due process of law in the District of Columbia Superior Court proceedings; and
(5) The determinations made by the trial court of the District of Columbia and its Court of Appeals were erroneous.

After analysis, Magistrate Judge Kaull recommended dismissal on jurisdictional grounds without reaching the merits of Jones's petition, finding that D.C. Code § 23-110's jurisdictional bar to federal habeas corpus applies to Jones, and that Jones had failed to demonstrate the inadequacy or ineffectiveness of the remedial process available under § 23-110 in his case.

Jones objects and contends that the remedial process

available to him under § 23-110 of the D.C. Code was inadequate and ineffective. Thus, he argues, habeas corpus review pursuant to § 2254 should now be available to him. Jones supports his objections by reasserting the grounds for his § 2254 petition and by arguing that dismissal is improper without the Court's determination of whether the District of Columbia correctly applied its own law.

**b. Discussion:**

D.C. Code § 23-110 ("§ 23-110") provides a vehicle for prisoners in custody under sentence of the D.C. Superior Court to collaterally attack convictions alleged to be constitutionally infirm or jurisdictionally improper by motion to the court of conviction.[1] Moreover, subsection (g) of § 23-110 requires that:

> An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by the Superior Court or by any Federal or State court if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it

---

[1] D.C. Code § 23-110(a) provides:
A prisoner in custody under sentence of the Superior Court claiming the right to be released on the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, (4) the sentence is otherwise subject to collateral attack, may move the court to vacate, set aside, or correct the sentence.

also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Further, in <u>Swain v. Pressley</u>, 430 U.S. 372, 381 (1977), the United States Supreme Court held the prohibition on federal habeas corpus review found in § 23-110(g) to be constitutional because "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." Thus, while prisoners sentenced by state courts may seek federal habeas corpus review after exhausting their state remedies, <u>Garris v. Lindsay</u>, 794 F.2d 722, 726 (D.C. Cir. 1986), the collateral review available under § 23-110 completely divests "the federal courts of jurisdiction to hear habeas corpus petitions by prisoners" who have a §23-110 remedy available to them, unless that remedy is found to be inadequate or ineffective. <u>Blair-Bey v. Quick</u>, 151 F.3d 1036, 1042 (D.C. Cir. 1998).

Section 23-110's procedure for the collateral review of convictions is comparable to those procedures outlined for federal habeas corpus review. <u>Swain</u> 430 U.S. at 375. Accordingly, to determine whether a remedy under § 23-110 is inadequate or ineffective, a court may look to "judicial interpretations of the statutory provisions enabling federal

prisoners to challenge their convictions." <u>Garris</u>, 794 F.2d at 726. Thus, as with remedies available under federal habeas corpus review, a remedy under § 23-110, the District of Columbia's collateral review analogue, "can fairly be termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." <u>In re Smith</u>, 285 F.3d 6, 8 (D.C. Cir. 2002)(quoting <u>In re Davenport</u>, 147 F.3d 605, 611 (7th Cir. 1998)(emphasis in original).

In this case, Jones' offenses of conviction are not nonexistent, and his exclusive opportunity to collaterally challenge his underlying convictions came when he filed a motion under § 23-110 of the D.C. Code. Jones was convicted of offenses prohibited by the D.C. Code,[2] after which he sought judicial rectification by challenging the validity of his conviction pursuant to § 23-110. After his motion for relief was denied by the D.C. Superior Court, he appealed to the D.C. Circuit Court of Appeals on grounds that evidentiary rulings made by the trial

---

[2] aggravated assault while armed in violation of D.C. Code §§ 22-401.01 (formerly codified as § 22-504.1) and 22-4502 (formerly codified as § 22-3202), and mayhem while armed in violation of D.C. Code § 22-406 (formerly codified as § 22-506)

court were erroneous and prejudiced Jones, that he had been denied the effective assistance of counsel, and that the fact-finding procedure employed by the D.C. Superior Court had been inadequate. The D.C. Circuit Court of Appeals reviewed Jones's petition pursuant to authority outlined in § 23-110(f),[3] and affirmed the Superior Court's rulings, remanding only so the trial court could merge of Jones' convictions.

Jones has already received the benefit of collateral review by courts with the constitutional authority to grant the relief sought by the petitioner. His dissatisfaction with the results of such a review does not make the remedial process inadequate or ineffective. Pursuant to the prohibition of D.C. Code § 23-110(g), this Court is precluded on jurisdictional grounds from entertaining Jones' § 2254 petition.

### III. Jones's Motion for Entry of Default, or in the Alternative, for Summary Judgment

On July 28, 2005, Jones filed a motion for entry of default, or in the alternative, for summary judgment. (Doc. No. 8.) In his motion, Jones seeks an entry of default or grant of summary judgment for Wendt's failure to timely respond to Jones's

---

[3] D.C. Code § 23-110(f) states:
An appeal may be taken to the District of Columbia Court of Appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus.

petition. A review of the docket, however, indicates Wendt's response was timely filed on August 5, 2005, after receiving enlargements of time to file by Court Orders dated June 9, 2005 (Doc. No. 5), August 1, 2005 (Doc. No. 10), and August 8, 2005. (Doc. No. 13.) The Court finds no prejudice to Jones in the enlargements of time granted to Wendt.

## IV. Conclusion

For the reasons outlined above, the Court **AFFIRMS** the Magistrate's Report and Recommendation (Doc. No. 15), **DENIES** and **DISMISSES WITH PREJUDICE** Jones' 28 U.S.C. § 2254 petition (Doc. No. 1), and **DENIES** Jones' motion for entry of default, or in the alternative, for summary judgment. (Doc. No. 8.)

The Clerk is directed to file this Order electronically and mail a copy of this Order to the pro se petitioner and all appropriate agencies.

DATED: January __24__, 2006

*Irene M. Keeley*
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE